UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER B. CLARDY AND
ROSARIO V. CLARDY                                                                    PLAINTIFFS

V.                                                         CIVIL ACTION NO.1:04CV345-JAD

JOHN GUTIERREZ, JR., ET AL                                                          DEFENDANTS

ORDER GRANTING PARTIAL SUMMARY JUDGMENT

The court has considered the motion for partial summary judgment filed by USAA Casualty Insurance Company (Doc. 55). Plaintiffs have filed no response in opposition.

The plaintiffs seek to recover damages for personal injury sustained in an automobile accident with defendant Gutierrez. USAA Casualty Insurance Company provided uninsured motorist coverage on the vehicle being driven by the plaintiffs at the time of the accident. It appears from the record that the policy was issued to Margaret C. Clardy in Florida. The vehicles covered by the policy were garaged in Florida. The plaintiffs were using an insured vehicle to move from Florida to Memphis, Tennessee. They are not named insureds on the policy and did not reside in the home of the named insured. That the accident in which the Clardy's were injured occurred in Mississippi is this state's only connection to this action. Therefore Florida law is applicable to questions relating to coverage. *Moore v USAA*, 808 F. 2d 1147, 1150(5th Cir. 1987) *Boardman v. United Services Automobile Assn.*, 470 So.2d 1024 (Miss.1985).

The defendant USAA seeks partial summary judgment that it is not liable for any punitive damages awarded against Gutierrez. The policy by its terms excludes UM coverage for punitive or exemplary damages. The Florida courts have validated this exclusion. *Suarez v. Aguiar,* 351 So. 2d

1086(Ct. App. Fla. 1977). The defendant is entitled to judgment as a matter of law that it is not liable under its policy for any punitive damages assessed against Gutierrez.

USAA also seeks partial summary judgment that the Clardys are not entitled to stack UM coverage. The policy provides for non-stacking UM coverage. Additionally the Clardys are not named insured or Class I insureds under Florida law. As Class II insureds they are not entitled to stack coverages. *Florida Farm Bureau Cas. Co. v Hurtado*, 587 So. 2d 1314(Fla. 1991). The defendant is entitled to judgment as a matter of law on this issue. The plaintiffs are not entitled to stack UM coverages in this action.

IT IS ORDERED that the motion for partial summary judgment is granted.

SO ORDERED this the 5th day of January, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE